McINNIS, Judge ad hoc.
This workmen’s compensation suit against Consolidated Underwriter’s, the insurer of James A. Pace, for compensation at the rate of $26 per week, not exceeding four hundred weeks, less compensation paid, results from an accident to plaintiff on February 7, 1951, while working for Pace at his sawmill in Logansport, Louisiana, as a saw filer and performing some work as a millwright.
There is no dispute as to the happening of the accident and the wages being paid to plaintiff, but it is forcefully urged by defendant that his injury was minor and that he was fully recovered prior to the date of the trial.
After trial on the merits, there was judgment in the lower court in favor of the plaintiff for $26 per week during the period of his disability, not to exceed four hundred weeks, less compensation paid.
. The undisputed facts are that on February 7, 1951, plaintiff had gone up a flight of steps into the mill to relieve the sawyer and had started down the steps to resume his saw filing. The steps were steel and had ice on them, and plaintiff lost his footing and slipped down the steps on his back and suffered some injury by the fall. A Negro named Prince Jackson was following him down the steps and went down to pick him up and asked if he was hurt, but he made no answer, so Jackson called Mr. C. H. Farris, sawyer and mill foreman, who came down to see about him and founa him sitting either on the ground or on the bottom step, stooped over with his head in his hands. Farris asked him if he was hurt and he said he didn’t think he was hurt bad and thought he would be all right. However, Mr. Farris sent him to the doctor by another employee. He was carried to see Dr. W. J. Garland at Logansport for treatment.
Mr. Farris says plaintiff was a good worker, and, so far as he knows, never had any trouble with his back while working at the mill, and a neighbor, N. P. Eaves, testified as to his apparent disability since the accident. Albert D. Downer, director of a Veterans’ electrical school at Center, Texas, which plaintiff was attending at the time of the accident and since, testified that prior to the accident plaintiff was apparently not suffering from any disability but since that time, he has not been able to do very much in the school and he had to put him on what he called “book work.”
Three doctors, D. F. Overdyke, S. W. Boyce and R. A. Paine, testified on behalf of plaintiff, but did not treat him, except that Dr. Overdyke recommended a Williams brace for his back, which plaintiff was wearing at the time of the trial. These doctors had the benefit of the X-rays of plaintiff’s back and found evidence of arthritis and some hyperthesia on the left thigh and foot, and they all concluded that he was, at the time of their examinations, totally disabled to perform the work he was doing when injured, or work of a similar character, but they could not be so sure whether or not it would be permanent. They said he might get better and he might not.
Defendant offered as witnesses Doctors W. J. Garland and J. R. Brown. Dr. Garland saw plaintiff on February 7, 8, 10, 12, 14, 17, 19, 22, 24, 27 and 28, and March 3, 6, 10,14, 21, 28, and April 4, 10, 19, 25, 1951. He says that his impression was that Mr. *291 Weeks had received a moderately severe strain of his lower back, and it was his opinion that he should have recovered in six to eight weeks, and when he last saw him on April 25th, he was of the opinion that he was not permanently and totally disabled. He did not see him after that date. However, Dr. Garland sent him to Dr. J. R. Brown for X-rays.
Plaintiff has had several accidents prior to this one. When he was about fifteen years old, he had a neck injury from which he apparently fully recovered. Later he was inducted into the Army, where he served sixteen months. While home on furlough, he sustained another injury to his head and neck by jumping into a shallow pond of water and was later given a medical discharge from the Army. April 20, 1944, while working as a roughneck, he sustained a back strain and was disabled for a short time and paid $150 in settlement of that claim. On June 4, 1945, while working in the shipyard at Beaumont, Texas, he fell and sustained a rather serious back injury, for which he filed suit claiming total and permanent disability, but this case was settled for $900. And of course the injury for which he now claims compensation, making in all five injuries, and Dr. Brown is of the opinion that the changes in his back, shown by the X-rays, result from these old injuries sustained by plaintiff. Dr. Brown could not say whether or not he is totally and permanently disabled, but he did say that he would not pass him for industrial work in the condition he found him.
Defendant urges that plaintiff is bound by the allegations of his petition filed in the District Court of Jefferson County, Texas, wherein it is alleged that he was then totally and permanently disabled, and contends that a man can be totally disabled only one time, and that he is barred from making a claim of total and permanent disability in this case. However, he was not totally and permanently disabled because he apparently performed his work without difficulty prior to his injury on February 7, 1951; in fact, the record discloses that he worked fairly regularly, though for different people, for several years after his injury in the shipyard.
In our opinion, plaintiff has carried the burden of showing by a preponderance of the evidence that he is totally disabled and there is no assurance that he will recover sufficiently to do the same work or similar work he was doing when injured.
In this court, defendant-appellant has filed a motion to reverse the judgment of the lower court and in the alternative, to remand the case to the lower court for the purpose of taking further testimony to show that plaintiff is not now disabled. Annexed to this motion is an affidavit signed by James A. Pace stating that plaintiff returned to work for him on January 10 and worked to January 23, 1952, which was after the date of the judgment in the District Court, and that he did the same work of saw filer and millwright, without any trouble.
Plaintiff has filed an affidavit in which he says that he did file the saws but that he did not work as a millwright and that his back hurt him all the time he was working and he had to quit on that account. He also filed an affidavit by Babe Fleming, filling station operator, that plaintiff worked part time for him and was not able to work regularly; and an affidavit by Howard Farris stating that he is mill foreman and sawyer for Pace and that plaintiff came back to work in January, 1952, and had to quit at the end of two weeks because he was not able to do the work.
There is ample authority for remand of cases such as this whenever a remand appears to be in the interest of justice. The latest of these cases is Cockrell v. Penrod Drilling Company, 214 La. 951, 39 So.2d 429, where other cases are cited. The motion to remand in the cited case alleged that the plaintiff had been employed since July, 1948 as a well driller and it is believed he had been employed from November, 1947, and because of the apparent long period of time that Cockrell had been working, the Supreme Court remanded the case for the taking of evidence on that point.
In this case the affidavit shows that the plaintiff worked only two weeks, and there *292 is evidence on the part of plaintiff that he had to quit because of his disability.
We do not believe that a sufficient showing has been made to justify the remand of this case for further trial at this time. Defendant has a remedy under LSA-R.S. 23:1331, which gives either party the right after six months from the date of the judgment in the trial court to move to have the judgment modified.
For all of the reasons assigned above, the judgment appealed from is affirmed, at the cost of defendant-appellant in both courts.
KENNON, J., not participating.